Ali Cherif **DEHBI**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,** Respondent.

No. 05–5546–AG.

United States Court of Appeals, Second Circuit.

Dec. 6, 2006.

Sam Gjoni, New York, NY, for petitioner.

John Lenoir, Assistant United States Attorney (Emily Berger & Susan Corkery, of counsel; Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief), Brooklyn, NY, for Respondent.

Present DENNIS JACOBS, Chief Judge, JOHN M. WALKER, JR., REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, it is **ORDERED, ADJUDGED, AND DECREED** that the petition is **DENIED.**

Petitioner Ali Cherif Dehbi, a native and citizen of Algeria, seeks review of a September 20, 2005 order of the BIA affirming, without opinion, the June 9, 2004 decision of immigration judge ("IJ") Annette S. Elstein denying petitioner's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Dehbi, Ali Cherif,* No. A73–531–756 (BIA Sept. 20, 2005), *aff'g* A73–531–756 (Immig. Ct. N.Y. City June 9, 2004). We assume familiarity with the facts, the procedural history, and the issues on appeal.

Where (as here) the BIA affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency deter-

mination. *Twum v. INS,* 411 F.3d 54, 58(2d Cir.2005). In reviewing the IJ's determination that an applicant has not demonstrated eligibility for withholding of removal or relief under CAT, we "will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole." *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 73 (2d Cir.2004) (citation omitted).

*Withholding of removal.* The IJ's determination that Dehbi failed to demonstrate a clear probability of future persecution is supported by substantial evidence. Dehbi's connection to the outlawed Islamic Salvation Front is exceedingly tenuous; the brief detention to which he was allegedly subjected is insufficient to establish a probability of future prosecution, *see Joaquin–Porras v. Gonzales,* 435 F.3d 172, 182 (2d Cir. 2006); his generalized fear of widespread violence in Algeria is undercut by his occasional return visits to that country and his family's continued residence there unmolested, *see In re A–E–M–,* 21 I. & N. Dec. 1157, 1160 (BIA 1998); and the allegation that two friends and a cousin of his were arrested, tortured, and in one case killed fails to demonstrate a clear probability that Dehbi himself would be subjected to any such treatment.[1]

*CAT Claim.* The IJ's determination that Dehbi failed to demonstrate that it is more likely than not that he would be tortured if returned to Algeria is supported by substantial evidence: the mistreatment which he suffered in Algeria did not amount to "[e]vidence of past torture inflicted upon the applicant," 8 C.F.R. § 208.16(c)(3)(i), and the bare fact that

---

1. Dehbi's brief to this Court states that the name of the friend whom Algerian police tortured to death was "Bouaza Daoud" **[Br 3]**, while his affidavit in support of withholding instead referred to that person as "Bedia Noureddine." **[JA 260].**

State Department country reports note the occurrence of torture in Algeria is insufficient to support an inference that Dehbi might be tortured.

For the reasons set forth above, the petition is hereby **DENIED.** Having completed our review, the pending motion for a stay of removal in this petition **DENIED** as moot.